UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES ELERS, individually
and on behalf of all others
similarly situated,

    Plaintiff,

v.                         Case No: 2:14-cv-284-FtM-29DNF

ONLINE INFORMATION SERVICES,
INC., a North Carolina
company,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Certify Class (Doc. #10) filed on July 7, 2014. Defendant filed a Response in Opposition (Doc. #11) on July 21, 2014. Plaintiff, with leave of the Court, filed a Reply (Doc. #15) on August 19, 2014.

**I.**

On April 3, 2014, plaintiff Charles Elers, individually, and on behalf of all others similarly situated, filed a Class Action Complaint claiming that defendant Online Information Services, Inc.'s debt collection practices violate the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (FCCPA) (Count I), the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 to 1681x (Count II), and the Florida Deceptive and Unfair Trade Practices

Act, Fla. Stat. § 501.201 to .213 (FDUTPA) (Count III). (Doc. #2.) Plaintiff now moves for class certification.

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. Under Rule 23(a), the party seeking certification must first demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2548 (2011). The proposed class must then satisfy at least one of the requirements listed in Rule 23(b).

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Dukes, 131 S. Ct. at 2551. "[I]t may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have

been satisfied." Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013) (internal quotation marks and citations omitted). "Such an analysis will frequently entail 'overlap with the merits of the plaintiff's underlying claim.'" Id. (quoting Dukes, 131 S. Ct. at 2551). The same analytical principles govern Rule 23(b). Id.

**II.**

After reviewing the Class Action Complaint, the Court finds that plaintiff has failed to satisfy these standards because the Class Action Complaint is a shotgun pleading. A shotgun pleading is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006). As a result, most of the counts in a typical shotgun complaint "contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

Here, the Class Action Complaint incorporates by reference all of the allegations from each count into each subsequent count. (Doc. #2, ¶¶ 22, 31, 34.) The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases).

Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

Plaintiff has also failed to plausibly state that he is entitled to relief. Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Here, plaintiff has merely alleged that defendant's acts and omissions violated a number of statutory provisions. Due to the complete absence of factual allegations, the Court is unable to

reasonably infer that defendant is liable for the misconduct alleged. See Twombly, 550 U.S. at 556.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Certify Class (Doc. #10) is **DENIED without prejudice.**

2. Plaintiff's Class Action Complaint (Doc. #2) is dismissed without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of September, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record